Brian CHISM, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 54A05–0311–PC–561.

Court of Appeals of Indiana.

May 10, 2004.

Ian A.T. McLean, Crawfordsville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Brian Chism appeals the trial court's refusal to modify his sentence. We affirm.

### Issue

Chism raises five issues, which we consolidate and restate as one: whether the trial court erred in modifying his sentence to impose home detention as a condition of probation and denying Chism's subsequent motion to modify his sentence to remove that condition.

### Facts

In 1997, Chism agreed to plead guilty to one count of Class A felony dealing in cocaine and one count of Class D felony operating a vehicle while intoxicated. The agreement provided in pertinent part:

> [T]he parties agree that sentencing will be by the Court. The executed portion of any sentence in [the cocaine case] shall not exceed ten years. The executed portion of any sentence in [the OWI case] shall not exceed two years. The aggregate sentence may exceed said number of years. In all other respects the matter of sentence shall be determined by the Court.

App. p. 53. The trial court accepted the plea agreement. Thereafter, it sentenced Chism on the cocaine charge to a total of thirty-five years. The first ten years of the sentence were to be executed in the Department of Correction ("DOC"), followed by a ten-year direct commitment to a community corrections program, followed by five years on supervised probation, and finally ten years on unsupervised probation. The trial court also sentenced Chism to two years on the OWI charge.

In 1999, Chism filed a pro se motion to correct erroneous sentence, specifically

contending that the ten-year direct commitment to a community corrections program exceeded the terms of the plea agreement. On November 5, 1999, the trial court granted in part and denied in part Chism's motion. It agreed to vacate the ten-year community corrections portion of Chism's sentence. At the same time, however, the trial court amended Chism's sentence so that after his release from the DOC on the ten-year executed portion of his sentence, he would be placed on formal probation for fifteen years, followed by informal probation for ten years. Additionally, the trial court ordered Chism to spend the first five years of his formal probation on house arrest or home detention as a condition of his probation. Chism did not appeal this ruling.

In 2003, Chism filed another motion to correct erroneous sentence, this time with counsel. This motion alleged that the trial court erred in 1999 when it removed the direct community corrections commitment requirement of Chism's sentence but simultaneously added the requirement that he serve the first five years of his probation on home detention. On September 18, 2003, the trial court denied Chism's second motion to correct erroneous sentence. He now appeals.

### Analysis

■ We begin by noting the proper scope of a motion to correct erroneous sentence pursuant to Indiana Code Section 35-38-1-15. That statute provides:

If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Although a petition for post-conviction relief, not a motion to correct erroneous sentence, is the preferred procedure for presenting a sentencing error, such a motion is appropriate if the sentence is erroneous on its face. *Funk v. State*, 714 N.E.2d 746, 749 (Ind.Ct.App.1999), *trans. denied.* A facially erroneous sentence is one that exceeds statutory authority; however, our supreme court also at one time squarely held that "a sentence that violates the express terms of a plea agreement is also facially erroneous, and may be attacked by a motion to correct erroneous sentence." *Reffett v. State*, 571 N.E.2d 1227, 1229 (Ind.1991).[1]

■ Chism's first motion to correct erroneous sentence, filed in 1999, alleged that the part of his sentence requiring a ten-year direct commitment to community corrections exceeded the express terms of the plea agreement. This clearly was a proper use of a motion to correct erroneous sentence pursuant to *Reffett*, which was controlling law at the time. However, the 2003 motion to correct erroneous sentence did not allege that the amended sentence, requiring five years of home detention as a condition of probation, is facially erroneous in that it violated either statutory authority or the terms of the plea agreement.[2] Instead, the 2003 motion

---

1. Our supreme court recently overruled *Reffett,* however, and motions to correct erroneous sentence now may only address sentencing errors apparent on the face of the sentencing judgment that conflict with statutory authority and do not require reference to any extraneous materials. *Robinson v.*

*State*, 805 N.E.2d 783 (Ind.2004). Any other sentencing errors must be brought by way of direct appeal or a petition for post-conviction relief. *Id.*

2. Chism currently makes no argument that requiring home detention as a condition of probation was a punitive condition that ex-

only alleges procedural error in the manner in which the trial court extended the term of Chism's probation by ten years and added a restrictive condition of probation. Thus, we agree with the State that the second motion to correct erroneous sentence on appeal today should be treated as a petition for post-conviction relief, not truly a motion to correct erroneous sentence. Post–Conviction Rule 1(a)(3) allows a petitioner to challenge any sentence that "exceeds the maximum authorized by law, or is otherwise erroneous." Subsection (a)(6) of this rule gives a post-conviction court the power to "enter an appropriate order with respect to the ... sentence" and "any supplementary orders as to ... correction of sentence...."

An appeal from the denial of post-conviction relief is an appeal from a negative judgment. *Bryant v. State,* 760 N.E.2d 1141, 1143 (Ind.Ct.App.2002). Accordingly, an appellant must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the lower court. *Id.* However, in the post-conviction setting conclusions of law receive no deference on appeal. *Id.* Here, we are presented solely with questions of law, not factual issues; hence, our review of the denial of Chism's second motion to correct erroneous sentence is de novo.

■ We observe that Chism failed to directly appeal the trial court's 1999 ruling correcting and modifying his sentence, as

he could have done, and that the 2003 motion to correct erroneous sentence is solely an attack on the regularity of the 1999 proceeding. The general rule is that if an issue was known and available but not raised on direct appeal, it is waived in a subsequent collateral proceeding. *Trueblood v. State,* 715 N.E.2d 1242, 1248 (Ind. 1999). In response to the State's waiver argument, Chism notes that the State failed to argue waiver to the trial court. Our supreme court has clarified that in a situation such as this, where the State fails to argue waiver to the lower court, it is not entitled to prevail on the issue of waiver as an affirmative defense. *See Bunch v. State,* 778 N.E.2d 1285, 1288–89 (Ind.2002). However, this does not preclude a court on appeal from holding sua sponte that a defendant has waived claims of error in a collateral proceeding because of a failure to raise those claims on a direct appeal; as differentiated from waiver as an affirmative defense, this is waiver by procedural default. *See id.* at 1289. Here, it is clear that Chism could have raised the claims he now makes in a direct appeal from the trial court's 1999 ruling and he failed to do so. This is waiver by procedural default and we may find such waiver regardless of whether the State argued waiver before the trial court.

■ Waiver notwithstanding, Chism's arguments are unavailing. The overall essence of Chism's argument is that the trial

---

ceeded the scope of the plea agreement in violation of *Freije v. State,* 709 N.E.2d 323, 325 (Ind.1999). Here, aside from the executed sentence cap, the plea agreement expressly left the matter of sentencing entirely to the trial court's discretion. Presumably, this included the discretion to set any legally permissible terms of probation, including home detention, as allowed by *Freije.* Chism concedes in his brief, "If the trial court intended Mr. Chism to spend time on house arrest as a term of his probation, nothing prevented the

trial court from ordering that at the March 6, 1997 sentencing hearing." Appellant's Br. p. 17. Chism, acting pro se in 1999, did allude to a possible *Freije* violation, but counsel has not pursued that during the proceedings on the 2003 motion to correct erroneous sentence. Chism also makes no argument that home detention as a condition of probation fails to bear the required reasonable relationship to his treatment and the protection of the public. *See Bonner v. State,* 776 N.E.2d 1244, 1247 (Ind.Ct.App.2002), *trans. denied* (2003).

court only possessed the authority, when considering the 1999 motion to correct erroneous sentence, to vacate the portion of the sentence that exceeded the terms of the plea agreement.[3] It could not, Chism contends, amend or modify the sentence by extending the period of his formal probation by ten years and adding home detention as a condition of the first five years of probation. Chism argues that this action violated both the scope of Indiana Code Section 35–38–1–15 and his due process rights and that even if the trial court could amend or modify the sentence after vacating the excessive portion, it effectively should have conducted a new and separate sentencing hearing before doing so.

We have clearly held, "[w]hen the sentence imposed by the trial court is found to be improper, it is the general if not unanimous rule that the trial court has the power to vacate the illegal sentence *and impose a proper one.*" *Lockhart v. State,* 671 N.E.2d 893, 904 (Ind.Ct.App.1996) (emphasis added). Chism attempts to minimize the emphasized language from *Lockhart* on the basis that the opinion was addressing a cross-appeal sentencing issue raised by the State, as well as a sentence imposed following a trial and not a guilty plea. Nothing in the opinion suggests that the emphasized language regarding the correction of sentences is limited to corrections sought by the State. We have also clearly held that "[i]t makes no difference whether the sentencing error followed a trial or a guilty plea, the court has the power to correct the illegal sentence in either case" even if the correction results in an increased sentence. *Niece v. State,* 456 N.E.2d 1081, 1084 (Ind.Ct.App.1983).

Additionally, this court very recently addressed a situation similar to Chism's in which a trial court imposed a sentence that exceeded the terms of a plea agreement. *Hull v. State,* 799 N.E.2d 1178 (Ind.Ct. App.2003). In that case, unlike here, the defendant directly appealed the excessive sentence, instead of filing a motion to correct erroneous sentence or petition for post-conviction relief. Nevertheless, the result and remedy in *Hull* is instructive here: we vacated the sentence and remanded "with instructions that a new sentence be crafted within the parameters of the plea agreement and the law." *Id.* at 1182–83. Nothing in our opinion suggested that the trial court was limited to only vacating that portion of the defendant's sentence that exceeded the parameters of the plea agreement, or that it was required to re-sentence the defendant "from scratch" by conducting a new sentencing hearing. Instead, the trial court was given broad discretion to re-write the defendant's sentence as it saw fit, so long as the new sentence did not exceed the terms of the plea agreement or any applicable statute.

■ The remedy ordered in *Hull* is consistent with other cases in which a court on appeal has determined that a defendant has been improperly sentenced and has remanded to the trial court for resentencing. In such a case, unless the appellate court specifically orders otherwise, the trial court may (1) issue a new sentencing order without taking any further action; (2) order additional briefing on the sentencing issue and then issue a new order without holding a new sentencing hearing;

**3.** We have clarified that a direct commitment to an alternative correctional program, which would include a community corrections program, is an "executed" sentence. *See Hildebrandt v. State,* 770 N.E.2d 355, 360 (Ind.Ct.App.2002), *trans. denied.* Thus, the trial court's 1997 decision to impose ten years of direct commitment to a community corrections program on top of ten years incarceration in the DOC exceeded the plea agreement's ten-year cap on any "executed" sentence for the cocaine charge.

or (3) order a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issue a new order based on the presentations of the parties. *O'Connell v. State,* 742 N.E.2d 943, 953 (Ind.2001). We see no reason why a trial court correcting an erroneous sentence on its own, and not at the behest of an appellate court, also cannot "issue a new sentencing order without taking any further action," as happened in this case. *Id.* Taking *Lockhart, Niece, Hull,* and *O'Connell* together, it is clear that a trial court faced with a claim that it has erroneously sentenced a defendant following a guilty plea may both (1) correct or vacate that portion of the sentence that exceeds the terms of the plea agreement and (2) simultaneously issue a new sentencing order that does not exceed those terms or statutory authority, without conducting a new sentencing hearing, even if the new sentencing order slightly differs from the original one.

Chism relies extensively upon *Lane v. State,* 727 N.E.2d 454 (Ind.Ct.App.2000), *trans. denied,* in support of his argument that the trial court in this case only had the option of vacating the community corrections portion of his original sentence, not of extending his probation and adding the requirement of home detention. In *Lane,* the defendant was convicted of murder and the trial court conducted a sentencing hearing at which it found the aggravating and mitigating circumstances to offset each other. It then imposed what it believed to be the presumptive sentence of fifty years, although on appeal we noted that the presumptive sentence for murder at the relevant time was actually forty

years, and we remanded with instructions that that sentence be imposed. Instead, on remand the trial court reweighed the aggravators and mitigators and determined that an enhanced sentence of fifty years was warranted.

On the defendant's appeal from the re-sentencing, we reversed and ordered the trial court to impose a sentence of forty years. *Id.* at 457. In so doing, we held that "the trial court erred in failing to follow the remand order" on the first appeal. *Id.* Thus, the primary basis for reversing the trial court was its failure to follow our instructions after the first appeal. Chism points to other language in *Lane* to support his position, such as "the power to correct [a sentence] extends only to the illegal portion of the sentence." *Id.* at 456. However, this observation must be read together with the comment immediately following that trial courts are compelled to follow remand orders, which was the crux of the case.[4] *Id.* We also noted that a trial court lacks jurisdiction to change a sentence after a judgment has been issued, unless it is given such power "by statute or rule...." *Id.* Here, as noted, Indiana Code Section 35–38–1–15 does give trial courts the power to correct an erroneous sentence *and* impose a proper one, as does Post–Conviction Rule 1. We are not persuaded that *Lane* prohibits trial courts, when faced with a motion to correct erroneous sentence or petition for post-conviction relief, from redrafting a sentencing order so as to remove any illegality and simultaneously impose new terms that are not illegal or in excess of a

---

4. We also note that in support of this proposition, we cited *State ex rel. Public Serv. Comm'n v. Johnson Circuit Court,* 232 Ind. 501, 509, 112 N.E.2d 429, 432 n. 3 (1953). However, this case only notes the general rule that a sentence that exceeds statutory authori-

ty is void only as to the excess. It does not address whether a trial court being asked to correct an erroneous sentence is strictly limited to removing the error and cannot otherwise concurrently modify the sentence.

plea agreement.[5]

■■■ Chism further argues that the trial court could not order home detention as a condition of his probation because he refused to agree to this term when he was released from the DOC.[6] Indiana Code Section 35–38–2.5–7 provides: "A court may not order home detention unless the offender agrees to abide by all of the requirements set forth in the court's order issued under this chapter." We think it goes without saying that the prohibition against a trial court allowing a defendant to be on home detention unless he or she agrees to all the terms and conditions of home detention is for the benefit of the public at large, not the defendant. In other words, to ensure public safety, a defendant must agree to the terms and conditions of home detention before he or she may be placed on home detention. If the defendant refuses to agree, this surely does not mean a trial court is bound to allow the defendant more freedom on probation than it otherwise would. This is true regardless of whether probation is ordered pursuant to a guilty plea or following a trial. If probation is ordered pursuant to a guilty plea, and as here there is no argument that home detention exceeds the bounds of the plea agreement, the defendant is bound by the plea agreement and must submit to any terms of probation, including home detention and its conditions. Otherwise, the defendant has breached the plea agreement or, alternatively, has violated probation. It would be untenable for a defendant to avoid both home detention and incarceration in the DOC by accepting a plea agreement allowing for a suspended sentence, then refusing to submit to a required term of home detention as a permissible condition of probation. We will not countenance such a result.

### Conclusion

Chism has waived his claims of error regarding the trial court's resolution of his 1999 motion to correct erroneous sentence by failing to appeal that order. Waiver notwithstanding, the trial court acted properly in 1999 when it vacated that portion of Chism's sentence that exceeded the parameters of his plea agreement and simultaneously extended the length of his probation and added home detention as a condition of probation, which did not exceed statutory authority or the terms of the plea agreement. We affirm.

Affirmed.

CRONE, J., and MATHIAS, J., concur.

---

5. Chism also claims the trial court was required to follow the procedures for revoking probation before it could modify his sentence to add home detention as a condition of probation. Chism's probation was not being revoked, however. Instead, the trial court removed from his sentence the improper requirement that Chism serve ten years on a direct commitment to a community corrections program and replaced it with the proper requirement that he serve the first five years of a fifteen-year formal probationary period on home detention. The illegal and improper sentence was replaced with a legal and proper one. We fail to see why the trial court would have been required to follow the procedures for revoking probation in the context of a motion to correct erroneous sentence.

6. One of the terms on the "Acknowledgment and Agreement to Terms of Probation" signed by Chism on July 24, 2000 is "[t]hat he is to be on electronic home monitoring through West Central Indiana Regional Community Corrections Program, as a term of probation, for the first five (5) years of his probation." Defendant's Ex. B. Chism wrote next to this term, "I disagree with this portion of my terms of probation." *Id.*