# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN D. FIEREK**
Voyles, Zahn, Paul, Hogan & Merriman
Indiapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED
Oct 09 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

TRAVIS KOONTZ, )
)
    Appellant-Defendant, )
)
      vs. )   No. 29A05-1202-CR-77
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1101-CM-669

**October 9, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Travis Koontz appeals the trial court's denial of his motion to correct erroneous sentence. He raises one issue for our review, which we restate as whether the trial court erred in denying his motion when his sentence is, on its face, erroneous for exceeding statutory authority. Concluding that Koontz waived any error in his sentence by consenting to the sentence as part of a plea agreement, we affirm.

## Facts and Procedural History

The State charged Koontz with driving while suspended, a Class A misdemeanor, false informing, a Class B misdemeanor, operating a vehicle while intoxicated, a Class C misdemeanor, and operating a vehicle with an alcohol concentration equivalent ("ACE") of .08 or more, a Class C misdemeanor. The State and Koontz entered into a plea agreement whereby Koontz agreed to plead guilty to driving while suspended and operating with an ACE of .08 or more, and the State agreed to dismiss the remaining charges. In addition, the parties agreed to the following sentence: 365 days in jail with eighteen days to be executed and 365 days of probation for the driving while suspended conviction, and sixty days in jail with eighteen days to be executed and 365 days of probation for the operating a vehicle with an ACE of .08 or more conviction, with the sentences to run concurrently. On April 4, 2011, the trial court accepted the plea agreement and sentenced Koontz pursuant to its terms. Koontz signed the plea agreement and acknowledged in open court during his guilty plea hearing that he understood the terms of the plea agreement and wished the court to accept them and sentence him accordingly. Koontz also signed the resulting order of probation,

2

indicating that he understood he would be placed under the supervision of the county probation department for 365 days.

In July 2011, the State filed the first of three informations of violation of probation. The first information was dismissed; a second was filed in December 2011 and a third was filed in January 2012. In February 2012, before fact-finding hearings on the second or third informations could be held, Koontz filed a motion to correct erroneous sentence. In his motion, he alleged his sentence was erroneous on its face because by statute, the combined term of imprisonment and period of probation for a misdemeanor cannot exceed one year and his sentence exceeds that limitation. Following a hearing, the trial court denied Koontz's motion, and at the same hearing, found he had violated his probation and ordered him to serve 270 days in jail. Koontz now appeals the trial court's denial of his motion to correct erroneous sentence.[1]

Discussion and Decision

I. Standard of Review

Indiana Code section 35-38-1-15 provides that an erroneous sentence is not void but shall be corrected, providing "prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." Davis v. State, 937 N.E.2d 8, 10 (Ind. Ct. App. 2010), trans. denied. However, the process is only available to correct a sentence that is erroneous on its face. Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008).

---

[1] The judgment and sentence for the probation violation has been stayed by order of this court pending resolution of this appeal. See Appellant's Appendix at 93 (March 2, 2012 Order).

3

In reviewing a trial court's decision on a motion to correct erroneous sentence, we defer to the trial court's factual findings and review the decision for an abuse of discretion. Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id.

## II. Erroneous Sentence

Koontz pleaded guilty to a Class A misdemeanor, for which the maximum sentence is one year, and a Class B misdemeanor, for which the maximum sentence is 180 days. See Ind. Code § 35-50-3-2 and -3. He was sentenced to one year with eighteen days executed and 347 days suspended, plus 365 days of probation for the Class A misdemeanor; and sixty days with eighteen days executed, forty-two days suspended plus 365 days of probation for the Class B misdemeanor, to be served concurrently. Indiana Code section 35-50-3-1 provides, in pertinent part:

> (a) The court may suspend any part of a sentence for a misdemeanor.
> (b) Except as provided in subsection (c), whenever the court suspends in whole or in part a sentence for a Class A, Class B, or Class C misdemeanor, it may place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor set forth in sections 2 through 4 of this chapter. However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year.

Koontz contends that because his term of imprisonment[2] plus his period of probation as stated in the sentencing order exceeds one year, his sentence is erroneous on its face and must be corrected.

The State first responds that Koontz has waived any error in his sentence by agreeing to a plea from which he benefitted. Koontz counters that the State has waived its waiver argument by failing to raise it in the trial court. During the hearing on Koontz's motion, however, the State began: "The State would first argue that due to the fact that the Defendant did sign the plea agreement that that counteracts any erroneous sentence with regards to probation." Transcript at 31. Although this is not an extensive argument, it clearly indicates the State's reliance on Koontz's agreeing to the sentence and that is sufficient for the State to avoid waiver of its argument.

The decision to accept or reject a plea agreement is a matter left to a trial court's discretion. Allen v. State, 865 N.E.2d 686, 689 (Ind. Ct. App. 2007). Once a plea agreement is accepted by the trial court, the plea agreement, like a contract, is binding upon both parties and the trial court. Id. Further, if the trial court accepts the plea agreement, it is strictly bound by the sentencing provisions of the plea agreement and is precluded from imposing

---

[2] Koontz cites Jennings v. State, 956 N.E.2d 203 (Ind. Ct. App. 2011), trans. granted, in which a panel of this court held that, for purposes of Indiana Code section 35-50-3-1(b), the "term of imprisonment" includes both the executed and the suspended portions of a sentence. Id. at 208. Our supreme court granted transfer in Jennings after briefing in this case was complete but has not yet issued an opinion. Regardless of the outcome of the transfer proceedings, Jennings is not directly applicable here. In Jennings, the defendant was convicted following a jury trial of a Class B misdemeanor and sentenced at the trial court's discretion to 180 days, with thirty days executed and 150 days suspended, plus 360 days of probation. 956 N.E.2d at 205. The case was remanded to the trial court to impose a period of probation not to exceed 185 days so the 180 day sentence plus probation would not exceed one year. Id. at 208. However, given our resolution below, the difference between the defendant in Jennings having a trial and Koontz pleading guilty is dispositive.

5

any sentence other than that required by the agreement. Id.; see also Ind. Code § 35-35-3-3(e). Our supreme court has held that "a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." Collins v. State, 509 N.E.2d 827, 833 (Ind. 1987). The court has further explained as follows:

> [D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category.

Davis v. State, 771 N.E.2d 647, 649 n.4 (Ind. 2002) (citation and quotation omitted). Whether a defendant has benefitted from a plea agreement with an illegal sentencing provision generally is measured by whether the plea reduced the defendant's penal exposure. Hacker v. State, 906 N.E.2d 924, 927 (Ind. Ct. App. 2009), trans. denied.

Here, Koontz signed the fixed plea agreement that specifically set forth the sentence to be imposed, which included a combined term of incarceration and probation longer than that allowed by Indiana Code section 35-50-3-1(b). The trial court was bound by the terms of the plea agreement negotiated by Koontz and the State. Koontz received a benefit from the plea in that the Class B and one of the Class C misdemeanor offenses charged against him were dismissed, and he was ordered to serve just eighteen days of a one-year sentence, with one year on probation. We acknowledge that one of the charges the State dismissed was operating while intoxicated, and Koontz could not have been convicted of that offense as well as operating with an ACE of .08 or more based on the same evidence. However, being

6

convicted of the per se offense rather than operating while intoxicated reduces Koontz's exposure if he were to be arrested again for operating while intoxicated. See Ind. Code § 9-30-5-3 (stating that a person violating the operating while intoxicated or operating with an ACE of .08 or more commits a Class D felony if the person has a previous conviction of operating while intoxicated within five years). Moreover, had the trial court had discretion in sentencing Koontz, he could have received a sentence of up to one year imprisonment, and by virtue of the plea, he was to serve only eighteen days. The dissent believes that "where the offenses are misdemeanors or minor felonies," slip op. at 3, the potential for abuse is too great and the benefit too small to justify allowing an illegal sentence to stand because it was the result of a plea bargain. We do not believe it is our place to categorically declare the supreme court's position inapplicable to misdemeanors. We might agree if Koontz had been charged with felonies and misdemeanors that dismissal of a misdemeanor and avoidance of the penal consequences thereof offered him no relative benefit, or if, because of double jeopardy, he could not have been convicted at all. But Koontz was charged only with misdemeanors, and he did receive a benefit from the plea dismissing two of the charges. Only now that he has violated his probation does Koontz challenge his sentence claiming that it is illegal. The trial court did not err by denying Koontz's motion. See, e.g., Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004) (defendant serving consecutive sentences provided for by plea agreement but otherwise not authorized by statute was entitled to no relief).

7

## Conclusion

The trial court did not abuse its discretion in denying Koontz's motion to correct erroneous sentence because Koontz consented to the sentence as part of a plea agreement. The judgment of the trial court is affirmed.

Affirmed.

BRADFORD, J., concurs.

BAKER, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

TRAVIS KOONTZ,  )
  )
    Appellant-Defendant,  )
  )
        vs.  )    No.  29A05-1202-CR-77
  )
STATE OF INDIANA  )
  )
    Appellee-Plaintiff.  )

**BAKER, Judge, dissenting,**

I respectfully dissent.  I acknowledge that our Supreme Court has made it clear that "[a] defendant 'may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.'" Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004) (quoting Collins v. State, 509 N.E.2d 827, 833 (Ind. 1987)).

Nevertheless, while this may be acceptable for someone who reaps a "significant benefit" such as avoiding a thirty-year sentence or the death penalty, such a benefit was not gained by Koontz in this case. Stites v. State, 829 N.E.2d 527, 529 (Ind. 2005) (reasoning that "Stites received a significant benefit from her plea agreement [when] she received less than the maximum possible sentence of sixty years, and the State agreed not to seek the death penalty"); see also Lee v. State, 816 N.E.2d 35, 37 (Ind. 2004) (holding that Lee could not complain of illegal consecutive sentences that were part of a plea agreement in which the

9

State dismissed the habitual offender allegation, allowing Lee to avoid an additional thirty-year term); Games v. State, 743 N.E.2d 1132, 1134-35 (Ind. 2001) (noting that "Games bargained for a sentence between sixty and 118 years in order to avoid the death penalty" and, accordingly, had "waived his right to challenge his sentence on double jeopardy grounds"); Collins, 509 N.E.2d at 832-33 (observing that Collins agreed to plead to guilty to voluntary manslaughter, received credit for time served, and had his remaining time suspended and, therefore, could not challenge the conviction because the suspended portion of his sentence was illegal).

Indeed, even in Davis v. State, a case in which the defendant seemed to reap the least benefit, Davis still pleaded guilty to class C felony robbery. 771 N.E.2d 647, 647-48 (Ind. 2002). In exchange, Davis was sentenced to five years, with three years suspended and two years to run consecutively to a sentence imposed in a separate proceeding. Id. at 648.

By contrast, in this case, Koontz pleaded guilty to two misdemeanors. Although the State dismissed two of the charges, Koontz did not have the benefit of having two charges dismissed. More particularly, had the case proceeded to trial, Koontz could not have been convicted of operating a vehicle while intoxicated and operating a vehicle with an ACE of .08 or more. Hornback v. State, 693 N.E.2d 81, 85 (Ind. Ct. App. 1998). Thus, the practical effect is that only the charge of class B misdemeanor false informing was dismissed pursuant to the plea agreement. Nevertheless, Koontz was exposed to a combined term of imprisonment and probation that exceeded statutory limits. Accordingly, in cases where the offenses are misdemeanors or minor felonies, the potential for abuse could be too great to

10

justify permitting the imposition of illegal sentences through plea agreements.  Therefore, I would reverse.