# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN D. FIEREK**
Voyles, Zahn, Paul, Hogan & Merriman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 01 2013, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRAVIS KOONTZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A05-1202-CR-77 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1101-CM-669

**February 1, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**ROBB, Chief Judge**

In <u>Koontz v. State</u>, 975 N.E.2d 846 (Ind. Ct. App. 2012), we held that Travis Koontz waived any claim of an illegal sentence by entering into a plea agreement which reduced his penal exposure. <u>Id.</u> at 849-50 (Baker, J., dissenting). Both Koontz and the State of Indiana have filed petitions for rehearing. We grant the petitions for the purpose of correcting a misstatement of the law, but reaffirm our original disposition.

Koontz was charged with driving while suspended, a Class A misdemeanor, false informing, a Class B misdemeanor, operating a vehicle while intoxicated, a Class C misdemeanor, and operating a vehicle with an alcohol concentration equivalent ("ACE") of .08 or more, a Class C misdemeanor. He and the State entered into a plea agreement by which Koontz pleaded guilty to driving while suspended and operating with an ACE of .08 or more, and the State dismissed the remaining charges. The trial court accepted the plea agreement and imposed the agreed upon sentence: 365 days in jail with eighteen days executed and 365 days of probation for the Class A misdemeanor, to be served concurrently with sixty days in jail with eighteen days executed and 365 days of probation for the Class B misdemeanor. Upon violating his probation several months later, Koontz filed a motion to correct erroneous sentence alleging the sentence was erroneous on its face because the combined term of imprisonment and period of probation exceeded a statutory one year limitation. In discussing whether Koontz had benefitted from his plea agreement such that he should be held to the bargain, illegal sentence notwithstanding, we noted several things: all of the charges against him were misdemeanors; two of the four charges against him were dismissed, including the second-most serious of the charges; and the trial court could have imprisoned him up to one year

2

had it had discretion in sentencing, but pursuant to the agreement, he was to serve just eighteen days of a one-year sentence. We also stated:

> [B]eing convicted of the per se offense rather than operating while intoxicated reduces Koontz's exposure if he were to be arrested again for operating while intoxicated. See Ind. Code § 9-30-5-3 (stating that a person violating the operating while intoxicated or operating with an ACE of .08 or more commits a Class D felony if the person has a previous conviction of operating while intoxicated within five years).

Id. at 850 (emphasis in original).

As both parties have pointed out, this is a misstatement of the law. Indiana Code section 9-30-5-2 defines "operating a vehicle while intoxicated" separately from the per se offense defined in section 9-30-5-1. However, "previous conviction of operating while intoxicated" is also a term defined by the Indiana Code, and it includes offenses under sections 9-30-5-1 through -9. Ind. Code § 9-13-2-130. Therefore, even a conviction of the per se offense would subject Koontz to a Class D felony charge if he were to commit another operating while intoxicated offense within five years of this conviction. Accordingly, we grant the parties' petitions for rehearing and strike the above language from our original opinion.

Even without this consideration, however, the other factors we mentioned remain viable and we continue to believe that, given the circumstances in which Koontz was charged with all misdemeanors, two of the four misdemeanors were dismissed, and Koontz agreed to the sentence as part of his plea agreement, he has waived any illegality in the sentence. Accordingly, we again affirm the trial court's denial of his motion to correct erroneous sentence.

BRADFORD, J., concurs.

BAKER, J., would reverse as previously stated in his dissenting opinion.