Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**NANCY A. McCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 03 2013, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON R. DERRY, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1208-CR-354 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles Carter Wicks, Judge
Cause No. 20D05-1005-FC-9 & 20D05-1111-FD-330

April 3, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Jason R. Derry, Jr., (Derry), appeals the trial court's denial of his Motion to Re-Sentence after he pled guilty to possession of cocaine, a Class D felony, Indiana Code § 35-48-4-6(a).

We affirm.

## ISSUES

Derry raises three issues on appeal, which we consolidate and restate as the following two issues:

1.   Whether fundamental error occurred when the plea bargain deadline was not extended, and the trial court imposed a harsher sentence than the sentence recommended by the State; and

2.   Whether Derry's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On November 22, 2011, the State charged Derry with possession of cocaine as a Class D felony. The trial court appointed a public defender for Derry at the November 28, 2011 initial hearing and scheduled a plea bargain deadline for February 27, 2012. The trial court told Derry to contact and stay in touch with his public defender.

On January 30, 2012 the public defender filed a Motion to Withdraw Appearance because Derry had failed to contact her. At a February 13, 2012 hearing, the trial court granted the public defender's motion to withdraw, and private counsel entered an

2

appearance. The trial court confirmed the February 27, 2012 plea bargain deadline, and Derry did not request to extend it.

The trial court held a hearing on February 27, the day the plea bargain deadline expired. Derry informed the trial court that he was not ready to plead guilty, and the trial court warned him that the plea bargain deadline was expiring and that if Derry later pled guilty or went to trial, he could be sentenced for up to three years for the class D felony. Defendant acknowledged that he understood the trial court's admonition and did not request an extension of the plea bargain deadline.

On June 11, 2012, Derry pled guilty to possession of cocaine as a Class D felony. Specifically, he testified that he had constructively possessed cocaine. Derry also informed the trial court that the State had recommended a one-year cap of executed time on work release. The trial court pointed out that the plea bargain deadline had expired and advised Derry that the State's recommendation was not binding on the court.

One month later, on July 16, 2012, the trial court accepted Derry's guilty plea and sentenced him to two years executed. The trial court explained that this was Derry's sixth felony conviction and that he had previously been unsatisfactorily discharged from probation. The trial court advised Derry he would have to earn his way to work release.

On July 23, 2012, Derry filed a Motion for Re-Sentencing. At the hearing, Derry explained that the plea bargain deadline had expired before discovery was completed, and that discovery was not favorable to the State. According to Derry, this is the reason the State had recommended work release. The State confirmed that it had agreed to work

release, but the trial court explained that it had imposed the two-year executed sentence because of Derry's legal history. The trial court again explained that it would consider transferring Derry to work release if he made favorable progress. The trial court denied Derry's Motion to Re-sentence.

Derry now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Fundamental Error

Derry first argues that the "plea bargain deadline should have been extended, and fundamental error resulted when the trial court imposed a harsher sentence than the [S]tate and [Derry] had agreed to . . . . [Derry] was prejudiced by the inflexibility of the plea bargain date because the sentence was more harsh [than] the one offered by the State in the plea agreement, which the court would not accept after the deadline had expired." (Appellant's Br., p. 23).

However, Derry has waived appellate review of this issue because he failed to ask the trial court to extend the plea bargain deadline. A party cannot raise an issue for the first time on appeal. *Cheek v. State*, 567 N.E.2d 1192, 1195 (Ind. Ct. App. 1991).

In an attempt to avoid waiver, Derry argues that fundamental error occurred. To constitute fundamental error, "the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Brown v. State*, 799 N.E.2d 1064, 1067 (Ind. 2003).

4

Derry specifically claims that the trial court rejected the plea agreement because it was presented after the plea bargain deadline had expired and fundamental error resulted when the trial court imposed a harsher sentence than the one-year sentence on work release that the State had recommended. However, the trial court did not reject the plea agreement because it was presented after the plea bargain deadline had expired; rather, the trial court specifically stated that it was rejecting this sentence because of Derry's five prior felony convictions and unsatisfactory discharge from probation.

The decision to accept or reject a plea agreement is a matter left to the trial court's discretion. *Koontz v. State*, 975 N.E.2d 846, 849 (Ind. Ct. App. 2012). Accordingly, the State is correct that even if the parties had come to an agreement prior to the plea bargain deadline, it was within the trial court's discretion to reject the sentence agreed to by the parties. When the parties informed the trial court that the recommendation was a one-year executed sentence on work release, the trial court specifically rejected the recommendation based upon Derry's prior criminal history that includes five felony convictions as well as an unsatisfactory discharge from probation. Instead, the trial court offered Derry future relief to work release if he made good progress. We find no error, fundamental or otherwise.

*I. Inappropriate Sentence*

Derry next argues that his two-year executed sentence is inappropriate because he only pled guilty to constructive possession of cocaine. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article VII, Sections 4 and 6 of

the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When considering whether a sentence is inappropriate, we give due consideration to the trial court's decision. *Allen v. State*, 925 N.E.2d 469, 481 (Ind. Ct. App. 2010), *trans. denied*.

With respect to the nature of the offense, Derry claims his sentence is inappropriate because he only pled guilty to constructive and not actual possession of cocaine. However, a conviction for possession may be premised upon either actual or constructive possession of the contraband. *Holmes v. State*, 785 N.E.2d 658, 660 (Ind. Ct. App. 2003). The State is correct that the two kinds of possession are treated equally under the law and in sentencing.

With respect to the character of the offender, the trial court pointed out that this is Derry's sixth felony conviction. He also has an unsatisfactory discharge from probation. His prior contacts with the law have not caused him to reform himself. Based upon our review of the evidence, we see nothing in the character of this offender or in the nature of the offense that would suggest that Derry's two-year executed sentence is inappropriate.

### CONCLUSION

Based on the foregoing, we conclude that fundamental error did not occur, and Derry's sentence is not inappropriate.

Affirmed.

BRADFORD, J. and BROWN, J. concur