## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 27 2015, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Gary L. Monday
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary L. Monday,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 27, 2015

Court of Appeals Case No.
39A01-1506-CR-639

Appeal from the Jefferson Circuit Court

The Honorable Darrell M. Auxier, Judge

Trial Court Cause No. 1486

**Crone, Judge.**

[1] Gary L. Monday, pro se, appeals the denial of his motion to correct erroneous sentence. We affirm.

[2]     In 1986, Monday was charged with the class A felony rape and murder of the same victim.  He entered a plea agreement under which he agreed to plead guilty to both counts; the State would recommend a twenty-eight-year executed sentence on the rape count and a forty-year executed sentence on the murder count; and the sentences would run consecutively.  Tr. at 9.  The trial court accepted the plea agreement and sentenced Monday to sixty-eight years per the State's recommendation.

[3]     In 2014, Monday filed a pro se motion to correct erroneous sentence pursuant to Indiana Code Section 35-38-1-15, which states in pertinent part that if a "convicted person is erroneously sentenced, the mistake does not render the sentence void.  The sentence shall be corrected after written notice is given to the convicted person."  Monday claimed that the trial court lacked statutory authority to impose consecutive sentences.  The trial court denied the motion.  Monday now appeals.

[4]     The purpose of Indiana Code Section 35-38-1-15 "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence."  *Davis v. State*, 937 N.E.2d 8, 10 (Ind. Ct. App. 2010), *trans. denied*.  Our supreme court has stated that "a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority."  *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004).  Claims that require consideration of the proceedings before, during, or after a trial or guilty plea may not be presented by way of a motion to correct erroneous sentence.  *See State v. Arnold*, 27 N.E.3d

315, 318 (Ind. Ct. App. 2015), *trans. denied*. We review a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion. *Koontz v. State*, 975 N.E.2d 846, 848 (Ind. Ct. App. 2012).

[5]     We find no abuse of discretion here. Monday ignores the statutory authority that was in effect at the time of his sentencing, which does not prohibit consecutive sentences under the facts of this case. *See* Ind. Code § 35-50-1-2 (1986) ("(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. (b) If a person commits a crime: (1) after having been arrested for another crime; and (2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."). Thus, any sentencing error would not be clear from the face of the judgment. Moreover, the caselaw that Monday cites either predates or postdates this version of the statute or is simply irrelevant to the circumstances of this case: Monday pled guilty to two nearly simultaneous crimes and agreed to the imposition of consecutive sentences. Therefore, we affirm.

[6]     Affirmed.


May, J., and Bradford, J., concur.