FILED

Apr 25 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| James D. Crum | Curtis T. Hill, Jr. |
| Coots, Henke & Wheeler, P.C. | Attorney General of Indiana |
| Carmel, Indiana | |
| | Caroline G. Templeton |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Clark Allen Hill,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

April 25, 2019

Court of Appeals Case No.
18A-CR-2658

Appeal from the
Hamilton Superior Court

The Honorable
Gail Z. Bardach, Judge

Trial Court Cause No.
29D06-1802-CM-1086

**Kirsch, Judge.**

[1] Clark Allen Hill ("Hill") was convicted of Operating a Vehicle with an alcohol concentration equivalent ("ACE") of .15 or more,[1] a Class A misdemeanor, and was adjudicated as an Habitual Vehicle Substance Offender[2] ("HVSO"). Hill raises one issue, which we restate as whether the enhancement of his conviction for operating while intoxicated ("OWI") by his adjudication as a HVSO violates the federal constitution's prohibition against double jeopardy.

[2] We affirm.

## Facts and Procedural History

[3] On February 11, 2018, Hill was stopped for speeding by a Westfield, Indiana police officer. *Tr. Vol. II* at 13. Hill showed signs of intoxication, so the officer conducted field sobriety tests, which Hill failed. *Id.* Hill submitted to a portable breath test, which indicated that he had consumed alcohol. *Id.* at 13-14. A certified chemical test later showed that Hill had an ACE of .153 grams of alcohol per 210 liters of his breath. *Id.* at 14. Hill was charged with Operating a Vehicle with an ACE of .15 or more, a Class A misdemeanor, and OWI as a Class C misdemeanor.[3] *Appellant's App. Vol. 2* at 11.

[4] Years before, Hill had been convicted of similar charges in 1995, 2001, and 2010. *Tr. Vol. II* at 14-15. Accordingly, the State charged Hill as an HVSO,

---

[1] *See* Ind. Code § 9-30-5-2(b).

[2] *See* Ind. Code § 9-30-15.5-2.

[3] *See* Ind. Code § 9-30-5-2(a).

citing the following prior convictions: 1) a 1995 Marion County conviction for Operating a Vehicle with a BAC of .10 or more, a Class C misdemeanor ("the 1995 Marion County conviction"); 2) a 2010 Boone County conviction for OWI, Endangering a Person, a Class A misdemeanor ("the 2010 Boone County conviction"); and 3) a 2001 Boone County conviction for OWI, a Class A misdemeanor ("the 2001 Boone County conviction"). *Appellant's App. Vol. 2* at 8.

[5] At a July 13, 2018 hearing, Hill pleaded guilty to the Class A misdemeanor charge and admitted to the HVSO charge. *Tr. Vol. II* at 15-17. In support of the HVSO charge, the State relied on the 1995 Marion County conviction and the 2010 Boone County conviction; it did not rely on the 2001 Boone County conviction because that conviction did not appear on Hill's driving record. *Id.* at 14-15. The trial court sentenced Hill according to the terms of the plea agreement: one year for the Class A misdemeanor OWI conviction, enhanced by one year for the HVSO adjudication. *Id.* at 18; *Appellant's App. Vol. 2* at 43-48.

[6] On September 7, 2018, Hill filed a motion to correct erroneous sentence, alleging that the convictions used to support the HVSO enhancement were previously used to support an earlier habitual substance offender enhancement, and were therefore ineligible to support the current enhancement. *Appellant's App. Vol. 2* at 53-70. Specifically, Hill alleged that the 1995 Marion County conviction used in this case to support his HVSO status was used to support his habitual substance offender adjudication for the 2010 Boone County

conviction. *Id.* at 55, 59-60. On October 4, 2018, the trial court denied Hill's motion to correct erroneous sentence. *Id.* at 7, 84. Hill now appeals.

## Discussion and Decision[4]

[7] Hill contends the trial court abused its discretion in denying his motion to correct erroneous sentence, arguing that the use of the 1995 Marion County conviction to support his HVSO adjudication and sentence enhancement violated the double jeopardy prohibition because that conviction was earlier used to support his habitual substance offender adjudication for the 2010 Boone County conviction.[5]

[8] In reviewing a trial court's decision on a motion to correct erroneous sentence, we defer to the trial court's factual findings and review the decision for an abuse of discretion. *Koontz v. State*, 975 N.E.2d 846, 848 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* As to post-conviction

---

[4] The State argues that because Hill raises a constitutional challenge to his HVSO enhancement, his appeal requires us to review matters beyond the face of the judgment. Thus, the State contends that Hill should have raised this issue in the trial court via a petition for post-conviction relief instead of a motion to correct erroneous sentence. *See Robinson v. State*, 805 N.E.2d 783, 785-86 (Ind. 2004). The State asks us to remand this case and direct the trial court to treat Hill's constitutional challenge as a petition for post-conviction relief, hold hearings to develop the record, and issue findings of fact and conclusions of law. While the State's argument is well-taken, we decline the State's request because, as the State acknowledges, we have previously reviewed a motion to correct erroneous sentence as a petition for post-conviction relief. *See Chism v. State*, 807 N.E.2d 798, 801 (Ind. Ct. App. 2004). Further, because we need only review the relevant parts of Hill's criminal record, which are not in dispute and are in the record before us, remand for fact-finding is not necessary. Thus, we review Hill's claim on the merits.

[5] Hill also claims the trial court erred in using the 2001 Boone conviction to support his HVSO adjudication, but the trial court, in fact, did not use that conviction because it did not appear on Hill's driving record. *Tr. Vol. II* at 14-15

matters, an appeal from the denial of post-conviction relief is an appeal from a negative judgment. *Chism v. State*, 807 N.E.2d 798, 801 (Ind. Ct. App. 2004). Thus, an appellant must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the lower court. *Id.* However, in the post-conviction setting conclusions of law receive no deference on appeal. *Id.*

[9] Hill argues that using the same conviction to support two separate habitual adjudications is "using the same set of facts to twice punish a defendant." *Appellant's Br.* at 5. Hill acknowledges that the Indiana Supreme Court has squarely and explicitly rejected this argument in *Mayo v. State*, 681 N.E.2d 689 (1987), which held that there was no double jeopardy violation where a theft conviction was used to support both Mayo's earlier habitual offender status in Alabama and his habitual offender status in Indiana. *Id.* at 693-94. Nonetheless, Hill asks us to "reconsider" *Mayo* and "set aside the enhancement count." *Appellant's Br.* at 6. This is justified, Hill argues, because his one-year HVSO enhancement resulted in an aggregate sentence of two years, double the maximum one-year sentence for his underlying conviction for Class A misdemeanor OWI. Thus, Hill argues that his two-year aggregate sentence cannot be considered a mere "aggravated or stiffened sentence[ ]." *Id.* at 5-6. Hill's reference to an "aggravated or stiffened sentence" comes from *Witte v. United States*, 515 U.S. 389 (1995), where the United States Supreme Court rejected a double jeopardy challenge to a recidivist statute, stating:

> [W]e have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

*Id.* at 400 (quoting *Gryger v. Burke,* 334 U.S. 728, 732 (1948)). Hill does not explain how a one-year enhancement that results in a two-year aggregate sentence is more than a mere "aggravated or stiffened sentence." *See Witte*, 515 U.S. at 400.

[10]  In addressing Hill's double jeopardy claim, we preliminarily observe that because there is a paucity of case law addressing the HVSO statute, our analysis will draw on cases that interpret the habitual offender statute. *See* Ind. Code § 35-50-2-8. Reviewing those cases compels us to deny Hill's request that we vacate the HVSO enhancement.

[11]  More specifically, we decline to grant relief to Hill for three reasons. First, we deny his request that we "reconsider" the holding in *Mayo v. State*, a decision by the Indiana Supreme Court. *See Appellant's Br.* at 6. As Indiana's intermediate appellate court, we are bound by Indiana Supreme Court precedent and are not at liberty to "reconsider" that precedent. *Minor v. State*, 36 N.E.3d 1065, 1074 (Ind. Ct. App. 2015).

[12]  Second, *Mayo* and other decisions by our Supreme Court easily dispose of Hill's argument. As *Mayo* observed, "the United States Supreme Court has consistently upheld recidivist or habitual offender statutes against double

jeopardy claims." 681 N.E.2d at 694 (citing *Witte*, 515 U.S. at 400). Likewise, in *Baker v. State*, 425 N.E.2d 98 (Ind. 1981), our Supreme Court rejected a similar double jeopardy claim:

> Because the habitual offender statute does not create new or separate offenses and the habitual offender proceeding does not deal with the underlying facts on the substantive charge, the use of prior convictions at more than one habitual offender proceeding does not constitute double jeopardy. . . . There are no constitutional or collateral estoppel barriers to prevent the state from exacting that punishment each time a different felony is committed as long as the prior convictions do still exist.

*Id.* at 101; *see also Williams v. State*, 430 N.E.2d 759, 768 (Ind. 1982) and *Dixon v. State*, 437 N.E.2d 1318, 1321 (Ind. 1982).

[13] Third, we reject Hill's argument that an HVSO enhancement should not result in an aggregate sentence that exceeds the maximum sentence for the underlying OWI conviction. Hill cites no authority for this novel interpretation, and we have found none. Moreover, Hill's interpretation would lead to absurd results. *See B.S. v. State*, 95 N.E.3d 177, 179 (Ind. Ct. App. 2018). Hill was convicted of a Class A misdemeanor. A trial court may sentence a person convicted of a Class A misdemeanor to no more than one year. Ind. Code § 35-50-3-2. Once a person is adjudicated as an HVSO, the trial court "*shall* sentence a person found to be a [HVSO] to an additional fixed term of *at least one (1) year* . . . to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3." Ind. Code § 9-30-15.5-2(d) (emphasis added). Thus, under Hill's reasoning, the only way the trial court could have applied an HVSO enhancement to Hill's

underlying conviction was to impose no sentence whatsoever on the underlying OWI conviction. Such an interpretation would eviscerate a trial court's well-established discretion in sentencing matters. We do not believe the legislature could have foreseen or countenanced such an unusual result. *See B.S.*, 95 N.E.3d at 179.

[14] In using the 1995 Marion County conviction to support Hill's HVSO status, where that same conviction was also used as a predicate conviction to support Hill's habitual offender status in an earlier case, the trial court did not subject Hill to double jeopardy, and the trial court did not abuse its discretion in denying Hill's motion to correct erroneous sentence. *See Koontz*, 975 N.E.2d at 848. Also, we find that Hill has not shown that the evidence and controlling precedent lead unerringly and unmistakenly to a different result than the one reached by the trial court. *See Chism*, 807 N.E.2d at 801.

[15] Affirmed.

Vaidik, C.J., and Altice, J., concur.