**LeVohn BROWN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 35S00–0107–CR–324.

Supreme Court of Indiana.

Dec. 10, 2003.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

In this direct criminal appeal, LeVohn Brown appeals his conviction for murder and requests a new trial on the basis that the prosecutor's closing arguments included what he contends was improper reference to Indiana's statutory penalty scheme. Because there was no request for an admonishment or motion for mistrial, the issue is foreclosed on direct appeal. Therefore, Brown contends this incident constituted fundamental error. We hold that it did not, and affirm the conviction.

## Factual and Procedural Background

Throughout the day on Friday, February 4, 2000, LeVohn Brown disciplined his three-year-old daughter, MicKenzie, by striking her repeatedly with a wooden paddle. Blows were administered to the middle of her back, her lower back and her bottom. Brown also struck MicKenzie across the face with his hand and knocked on her head as one would knock on a door. When MicKenzie did not respond in any way to this punishment, Brown became increasingly upset. That evening, when Brown struck MicKenzie on the back of the head with the paddle, she fell to the floor and Brown yelled at her to get up and stop crying. The next day, after another blow, MicKenzie's eyes failed to focus, her left side became numb, and she could neither walk nor control her bodily functions. Brown continued to beat MicKenzie throughout the weekend, but left town on Monday, February 7th. When Brown returned on Thursday, February 10th, the violence resumed. Brown repeatedly struck MicKenzie and let her fall when she was unable to stand. Throughout these events, Brown did not contact anyone regarding MicKenzie's medical condition, but during the investigation told Detective Ron Hoschstetler, from the

Huntington City Police Department, that he thought she seemed "fine."

MicKenzie died on Friday, February 11, 2000. Brown was charged with murder and the prosecutor requested life without parole based on the fact that MicKenzie was under twelve years old. Ind.Code. § 35–50–2–9(b)(12) (1998). The jury convicted Brown of murder and recommended a sentence of life without parole, which the trial court imposed.

Brown requested and received an instruction on reckless homicide as a lesser included offense of murder. Brown alleges reversible error occurred when the prosecutor, in closing argument, made statements Brown contends minimized reckless homicide, a Class C felony, by comparing it to loan sharking, driving while a license is suspended, and forging a signature on a blank check, all also Class C felonies. Brown argues that these remarks constituted improper comments disclosing Indiana's sentencing and punishment scheme. At trial, Brown objected unsuccessfully, but did not request an admonishment or move for a mistrial. Because he recognizes that under governing authority the issue is procedurally foreclosed on appeal, Brown contends in this direct appeal that the prosecution's conduct constituted fundamental error.

■ If an appellant properly preserves the issue of prosecutorial misconduct for appeal the reviewing court first determines whether prosecutorial misconduct existed, and if so whether the statements had a probable persuasive effect on the jury. *Cox v. State*, 696 N.E.2d 853, 859 (Ind.1998).[1] Because Brown failed to

request an admonishment or move for a mistrial when the trial court overruled his objection, his claim of prosecutorial misconduct is procedurally foreclosed and reversal on appeal requires a showing of fundamental error. *Zenthofer v. State*, 613 N.E.2d 31, 34 (Ind.1993); *Isaacs v. State*, 673 N.E.2d 757, 763 (Ind.1996) ("The correct procedure to be employed when an improper argument is alleged is to request an admonishment, and if further relief is desired, to move for a mistrial. Failure to request an admonishment or move for a mistrial results in waiver of the issue.") (citations omitted). *Etienne v. State*, 716 N.E.2d 457, 461 (Ind.1999). Accordingly, Brown contends that the prosecutor's comments during closing argument not only constituted prosecutorial misconduct, but prevented him from receiving a fair trial and thereby rose to the level of fundamental error. *Willey v. State*, 712 N.E.2d 434, 444–45 (Ind.1999).

■ We agree that if Brown had requested an admonishment, it would have been appropriate for the trial court to instruct the jury that the prosecutor's comments should be disregarded or that the penalty imposed for crimes may vary widely and the appropriate remedy is a matter for the court, not the jury, to consider. However this incident falls far short of fundamental error. The prosecutor made the following statements during closing argument:

[Prosecutor:] Mr. Swanson again said, this case needs to be reserved for the most heinous of crimes. And that's not the situation for a reckless homicide (inaudible). Well, let's put reckless

1. Although often phrased in terms of "grave peril," a claim of improper argument to the jury "is measured by the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated instances of misconduct which would evidence a deliber- ate attempt to improperly prejudice the defendant." *Lopez v. State*, 527 N.E.2d 1119, 1125 (Ind.1988). *See also, Rodriguez v. State*, 795 N.E.2d 1054, 1059 (Ind.Ct.App.2003) (trans. denied) (citations omitted).

homicide in perspective. Under the law that's just as serious as driving a vehicle when your license has been suspended for the rest of your life. Under the law, reckless homicide is just as serious as loan-sharking. Under the law, reckless homicide is just as serious as someone who signs another person's name to a check and then tries to cash it. That's how serious reckless homicide (inaudible).

After subsequent exchanges with the judge and defense counsel, the prosecutor also stated:

> [Prosecutor:] Ladies and Gentlemen, under the law in this State reckless homicide isn't justified with this evidence. It's not like loan-sharking. It's not like any of the crimes I have described. This was a murder. This wasn't driving without you [sic] license (inaudible) for the rest of your life.[2]

Brown contends that these statements to the jury impliedly discussed Indiana's possible punishment scheme. He also raises a similar, but slightly different, contention that these comments minimized a conviction of reckless homicide, which was one alternative before the jury, and therefore biased them in favor of a murder verdict. It is error for the prosecutor to disclose statutory penalties for the crimes under consideration. *Foster v. State*, 436 N.E.2d 783, 786–88 (Ind.1982). The statements made by the prosecutor did not do that, but they did raise the same problem that is presented by a discussion of statutory penalties. The jury's role is to determine guilt and innocence. It is not to act as a legislature for a single event by prescribing the penalties the jury deems appropriate for the defendant appearing before them. Comparison of one crime to another in the same statutory classification invites the same skewing of the jury's findings as to guilt. However, to qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind. 2000)[3] (citations omitted). To constitute fundamental error, "the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Id.* (citations omitted).

Although the prosecutor's actions, if viewed in isolation, may have been the basis for an instruction, if requested, they did not rise to the level of fundamental error for a second reason. The state argues, with some justification, that the prosecution merely attempted to put different crimes into perspective in light of the defense's argument. The defendant, not the prosecution, presented the claim that a conviction for murder should be saved for the most heinous of offenses. The prosecutor viewed this as opening the door for discussion of the various crimes, and the trial court agreed. In response to the

---

**2.** Defense counsel objected to these statements on grounds that the prosecutor argued penalty when she should not have. The judge ruled on the matter stating: "I'm going to uh, rule that I don't believe there was any argument of penalty, that it was simply an attempt to put into perspective. You may continue."

**3.** *Isaacs v. State*, 673 N.E.2d 757, 763 (Ind. 1996) (noting that "[f]or prosecutorial conduct to be fundamental error, it must be demonstrated that the prosecutor's conduct subjected the defendant to grave peril and had a probable persuasive effect on the jury's decision"); *Barany v. State*, 658 N.E.2d 60, 64 (Ind.1995); *Cf., Guy v. Indiana*, 755 N.E.2d 248, 258 (Ind.Ct.App.2001) (trans. denied) ("Fundamental error must be of such magnitude to persuade the reviewing court that the defendant could not possibly have received a fair trial or that the verdict is clearly wrong or of such dubious validity that justice cannot permit it to stand.").

defendant's statements, the prosecution did not discuss the penalties for the various crimes, but did claim that the punishment for reckless homicide was the same as that for the lesser identified crimes, driving with a suspended license, loan sharking, or forgery which a jury would assume to be less than severe. The prosecutor's comparison to other specified crimes was not appropriate, but neither was the defendant's argument that sought to inject an additional element of heinousness into the murder charge.

In context, viewed as a response to the defense's argument that only the most heinous of crimes warranted a murder conviction, these uncontested statements do not constitute fundamental error, if error at all. This is not a situation where the jury was instructed to convict without finding an element of the crime[4] or where the prosecutor materially misled the jury as to its role.[5] The doctrine of fundamental error is available only in egregious circumstances. The cases the defendant cites do not involve factual circumstances analogous to this case, and we find no case holding a similar error to constitute fundamental error. Although the prosecutor's statements may have been the basis for an admonishment, they did not rise to the level of fundamental error.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.

---

4. *See, e.g., Hopkins v. State,* 759 N.E.2d 633, 638 (Ind.2001).

5. *See, e.g., Foster v. State,* 436 N.E.2d 783, 786 (Ind.1982).