**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 04 2013, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| CHRIS COREY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1208-CR-342 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable David D. Kiely, Judge
Cause No.  82C02-0908-FD-827

**February 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Chris Corey ("Corey") was convicted after a jury trial of Possession of Marijuana, as a Class D felony,[1] and Possession of Paraphernalia, as a Class A misdemeanor.[2] He now appeals.

We affirm.

**Issue**

Corey raises for our review the sole question of whether the trial court committed fundamental error when it sustained the State's objection to a line of questioning Corey pursued at trial.

**Facts and Procedural History**

On May 17, 2009, at around 8 p.m., Corey was at home in Evansville with his wife, Alisha Hadley ("Hadley"). Corey was recuperating from surgery. Also at the home were Shawn McCallister ("McCallister"), who had come to visit Corey to inquire about parts for a vehicle, and Charles Oldham ("Oldham"). While Corey and McCallister were talking, Corey heard a clicking sound coming from a compartment in the coffee table in front of where Oldham was sitting.

At the same time, Evansville Police Officers Steve Hicks ("Officer Hicks") and John Pieszchalski ("Officer Pieszchalski") were dispatched to Corey's residence. Officer Hicks approached the residence from the rear and waited near the side of the home, while Officer

---

[1] Ind. Code § 35-48-4-11.

[2] I.C. §§ 35-48-4-8.3(a)(1) & (b).

Pieszchalski approached the home from the front and knocked on the door. No one responded to Officer Pieszchalski, but Officer Hicks observed McCallister and Oldham leave the home through a back door and detained the two in the home's back yard.

Eventually, Corey and Hadley came to the back of the house. Officer Hicks requested permission to search the home. Corey and Hadley agreed to the search and signed a consent form. Officer Hicks asked the couple if there was anything illegal in the home; Corey responded, "not to my knowledge." (Tr. at 40, 162.)

Officer Hicks accompanied Corey and Hadley to the living room of the residence and searched the room. Officer Hicks searched the compartment in the coffee table in front of where Oldham had been sitting and found a plastic bag, inside of which were several cut-off corners from other plastic bags. Each of these bag corners contained a small amount of white powdery residue that was later determined to be methamphetamine. Officer Hicks also searched under the coffee table and found a small, wooden box. The box contained a small baggie with a leafy green substance later determined to be marijuana, some loose marijuana leaf, cigarette rolling papers, and a grinder typically used to grind marijuana leaf for use in marijuana cigarettes.

As a result of the search, Hadley was arrested that evening and Corey was arrested the following day. On August 28, 2009, Corey was charged with Possession of Methamphetamine, as a Class D felony[3]; Possession of Marijuana, as a Class A misdemeanor; and Possession of Paraphernalia, as a Class A misdemeanor. The same day,

---

[3] I.C. § 35-48-4-6.1(a).

3

the State also filed an information seeking an enhancement of the Possession of Marijuana charge to a Class D felony because Corey had previously been convicted for an offense involving marijuana.[4]  On June 21, 2012, the State amended the information seeking an enhancement of the Possession of Marijuana charge.

On June 26, 2012, a jury trial was conducted, at the conclusion of which the jury found Corey not guilty of Possession of Methamphetamine and guilty of Possession of Marijuana and Possession of Paraphernalia.[5]  On July 23, 2012, a sentencing hearing was conducted, at the conclusion of which Corey was sentenced to eighteen months imprisonment for Possession of Marijuana and six months imprisonment for Possession of Paraphernalia, with the sentences run concurrently.

This appeal followed.

**Discussion and Decision**

On appeal, Corey contends that the trial court erroneously precluded him from examining Hadley about her statements to Officer Hicks during his search of Corey's and Hadley's residence.

Ordinarily, we review a trial court's evidentiary rulings for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it, or where the trial court errs on a matter of law. Wilson v. State, 973 N.E.2d 1211, 1214-15 (Ind. Ct. App. 2012).  Here, however, Corey did not make an offer of

---

[4] I.C. § 35-48-4-11.

[5] Corey raises no complaint about the duration of time between the filing of the information and his trial.

proof to the trial court to allow effective review of his response to the State's objection. See

Ind. Evidence Rule 103(a)(2) (requiring an offer of proof to preserve error where a ruling

excludes evidence). Rather, Corey simply moved on with his examination of Hadley.

Where, as here, the defendant fails to make an offer of proof of omitted evidence, any

claimed error in the underlying evidentiary ruling is rendered unavailable on appeal unless it

rises to the level of fundamental error. Young v. State, 746 N.E.2d 920, 924 (Ind. 2001).

> The fundamental error exception is "extremely narrow, and applies only when
> the error constitutes a blatant violation of basic principles, the harm or
> potential for harm is substantial, and the resulting error denies the defendant
> fundamental due process." Mathews v. State, 849 N.E.2d 578, 587 (Ind.
> 2006). The error claimed must either "make a fair trial impossible" or
> constitute "clearly blatant violations of basic and elementary principles of due
> process." Clark v. State, 915 N.E.2d 126, 131 (Ind. 2009). This exception is
> available only in "egregious circumstances." Brown v. State, 799 N.E.2d
> 1064, 1068 (Ind. 2003).

Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010).

In Corey's case, Hadley had just testified upon direct examination that the box

containing marijuana and associated paraphernalia belonged to her, she had not told Corey

the drugs were present in the house, and thus she had pled guilty to a charge of Possession of

Marijuana. The following exchange then occurred:

Q:      When he [Corey] told the officer, don't take her [Hadley], arrest me…

[STATE]:     Objection, hearsay.

[COREY]:     Well she already testified to this a second ago, Your Honor.

[COURT]:     What's your objection?

[STATE]:     I'm objecting to it now.

[COURT]:     When…

5

[COREY]: She testified what…

[COURT]: What's your question?

[COREY]: My question is, when he told the officer…

[COURT]: Show the objection sustained.

Q: Now, after you were put in handcuffs and he made the statement…

[STATE]: Objection, hearsay.

[COURT]: Sustained.

Q: When he claimed ownership…

[STATE]: Objection, hearsay.

[COURT]: Sustained.

(Tr. at 130-31.) Corey's examination of Hadley then continued without further attempt to pursue the line of questioning to which the State objected, and without an offer of proof.

Corey argues that the trial court's rulings sustaining the State's hearsay objections were erroneous, contending that "[t]he excluded testimony was clearly not hearsay" and "turns on a misunderstanding of a rule of evidence." (Appellant's Br. at 6.) Corey compares this exchange to one later on, where the trial court overruled the State's objection to a question asked of him concerning his state of mind in response to a statement Hadley made to Officer Hicks.

To the extent Corey appears to argue that the trial court may have erroneously excluded from evidence any testimony Hadley might have offered concerning Corey's statements to police or her own reaction to Corey's statement, absent an offer of proof we are unable to determine whether the trial court properly excluded that testimony.

6

Yet our review of the evidence does not indicate that any such decision would rise to the level of fundamental error. Corey argues that his "primary defense … was that any confession made was a mere gesture to protect his wife," and that the trial court's ruling precluded his ability to present that defense. (Appellant's Br. at 7.) But Corey did present evidence to this effect: Hadley testified that she had purchased the marijuana and had not told Corey about it, and Corey testified that he was surprised the drug was present in the home and that he claimed ownership of the marijuana as a "chivalrous" gesture. (Tr. at 175.) We cannot conclude that Corey was precluded from presenting this defense to the jury, and thus find no fundamental error upon which his convictions for Possession of Marijuana and Possession of Paraphernalia may be reversed. We therefore affirm his convictions.

Affirmed.

VAIDIK, J., and BROWN, J., concur.