## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2015, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| P.A., <br> *Appellant,* <br><br> v. <br><br> STATE OF INDIANA, <br> *Appellee.* | January 29, 2015 <br><br> Court of Appeals Cause No. <br> 49A02-1407-JV-450 <br><br> Appeal from the Marion Superior Court, Juvenile Division <br> Honorable Geoffrey Gaither, Magistrate <br> Cause No. 49D09-1308-JD-002386 |

Friedlander, Judge.

[1] P.A. appeals his delinquency true findings for acts that would constitute two counts of class B felony child molesting if committed by an adult. He presents one issue for review, which we restate as follows: Did the juvenile court

commit fundamental error when it allowed the State to make an offer to prove regarding the substance of excluded evidence?

[2] We affirm.

[3] P.A. and A.B. are paternal cousins. In the summer of 2012, P.A. stayed the night at A.B.'s house for his first and only time. P.A. and A.B. were sixteen and eleven years old, respectively. The two, along with one of A.B.'s friends, eventually relaxed on the living room floor while they talked and watched television together. After the friend fell asleep, P.A. pulled down A.B.'s pajama bottoms and placed his penis in her vagina and then in her anus. A.B. did not react to her older cousin's actions. When he was done, P.A. pulled up A.B.'s pajama bottoms and turned over. The next morning he asked if she was okay. A.B. testified that she did not report the incident immediately because she was afraid she would get in trouble. She disclosed the abuse about a year later during a conversation with her mother and sisters about "being safe around boys". *Transcript* at 49.

[4] The police were called, and A.B.'s disclosures were investigated by Detective Justin Hickman of the Indianapolis Metropolitan Police Department. After taking a report from A.B., Detective Hickman met with P.A. and his mother on August 19, 2013. During a video recorded interview, P.A. admitted to having had vaginal and anal intercourse with A.B. He was taken into custody, and the State filed a petition alleging P.A. was delinquent for having committed acts

that would be three counts of child molesting, two class B felonies and one class C felony, if committed by an adult.

[5] A.B. and her mother testified at the denial hearing. Detective Hickman was then called by the State. P.A. objected to the admission of the videotaped statement due to procedural irregularities. Specifically, after securing signatures on a juvenile waiver of rights form, Detective Hickman said, "mom do you want to come back out to the waiting room with me right now to wait with grandma", and P.A.'s mother left. *Id*. at 79. P.A. claimed this was a denial of his right to have his mother present during the custodial interrogation. The juvenile court agreed and excluded the videotaped statement from evidence.

[6] The State requested that the court view the initial portion of the video and reconsider its ruling. After viewing the portion of the video up to and including when the mother left, the court reaffirmed its ruling. Immediately thereafter, the State indicated its desire to make an offer to prove, and P.A. did not object. The State proceeded to detail what the video would reflect if it were permitted into evidence. This included P.A.'s eventual confession as to each of the delinquency allegations.

[7] At the conclusion of the fact-finding hearing, the court entered true findings with respect to the two class B felony allegations and a not true finding with respect to the class C felony allegation.[1] P.A. now appeals.

---

[1] The evidence for this allegation would have come exclusively from P.A.'s statement, which was not admitted into evidence.

[8]   P.A. asserts the novel argument that the trial court committed fundamental error by allowing the State to make an offer to prove regarding his videotaped statement.  He claims there was no legally justifiable reason to make the offer of proof[2] and the State must have done so to influence the court in a close case.

[9]   It is well established that fundamental error is "an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to 'make a fair trial impossible.'"  *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014) (quoting *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002)).  "[F]undamental error is a daunting standard that applies 'only in egregious circumstances.'"  *Knapp v. State*, 9 N.E.3d 1274, 1281 (Ind. 2014) (quoting *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003)), *cert. denied*.

[10]  P.A. has failed to establish fundamental error.  First, he makes absolutely no effort on appeal to establish that the videotape was in fact inadmissible under Indiana law.  His argument just assumes this to be so.  *See, e.g. Appellant's Brief* at 10 ("[t]he State put inadmissible evidence in front of the trier of fact using a procedural process to which it was not entitled to bolster a close case, thereby tipping the balance in favor of a true finding").  Moreover, P.A.'s argument that he was prejudiced by the alleged error belies the longstanding judicial-temperance presumption in which "[w]e presume that the trial judge is aware of

---

[2]   P.A. contends that the State had no right to appeal the suppression ruling and, moreover, that the details of his statement would be irrelevant when reviewing the propriety of the ruling, which was based on procedural irregularities.

and knows the law and considers only evidence properly before him or her in reaching a decision." *Hinesley v. State*, 999 N.E.2d 975, 987 (Ind. Ct. App. 2014), *trans. denied.  See also Conley v. State,* 972 N.E.2d 864, 873 (Ind. 2012) ("[t]he risk of prejudice is quelled when the evidence is solely before the trial court").

[11]     The juvenile court ruled that the videotaped statement was inadmissible.  Upon urging from the State, the court reconsidered its ruling but once again excluded the evidence.  Regardless of the purpose behind the State's offer to prove, it is evident from the record before us that the juvenile court did not consider P.A.'s statement when making its findings.  We reject P.A.'s groundless invitation to presume otherwise and to impugn the integrity of the juvenile court.  Accordingly, even assuming that the evidence was inadmissible *and* the offer to prove was improper, P.A. has not established prejudice, let alone error "so prejudicial to [his] rights as to 'make a fair trial impossible.'"  *Ryan v. State*, 9 N.E.3d at 668 (quoting *Benson v. State*, 762 N.E.2d at 756).


Judgment affirmed.

Kirsch, J., and Crone, J., concur.