## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2017, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Hilary Bowe Ricks
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nahamani Sargent,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 30, 2017

Court of Appeals Case No.
49A02-1607-CR-1666

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

The Honorable Jeffrey Marchal, Magistrate

Trial Court Cause No.
49G06-1502-F2-4742

**Vaidik, Chief Judge.**

# Case Summary

Nahamani Sargent appeals his conviction for unlawful possession of a firearm by a serious violent felon. He contends that the State engaged in prosecutorial misconduct when it elicited testimony that Sargent remained silent after his arrest and then referenced that testimony in its closing argument. He also argues that the State failed to present sufficient evidence to prove that he possessed a firearm. We affirm.

# Facts and Procedural History

At around 3:00 a.m. on February 5, 2015, Indianapolis Metropolitan Police Department Officer John Ly pulled over a Ford Expedition that changed lanes without signaling. Sargent was driving the truck, Calvin Tunstall was in the front passenger seat, and Mark Price was in the back seat behind Tunstall. After checking the status of Sargent's license, Officer Ly gave him a verbal warning and told him he was free to go. Sargent sped off and began driving over the speed limit, and Officer Ly followed him and pulled him over again. Officer Ly and Officer Michael Wright approached the truck with guns drawn and ordered the three men to get out. Officer Ly stayed with the three men while Officer Wright and other officers looked in the truck to clear it. Officer Wright saw a revolver protruding slightly toward the rear passenger-side floorboard from underneath the front passenger seat—that is, from underneath the seat Tunstall was sitting in, toward the seat Price was sitting in. A subsequent search revealed the presence of two additional handguns and a rock

of heroin under the same seat. Neither Officer Ly nor Officer Wright heard any of the men make any statements about the guns. After the men were transported to a police station, they were advised of their *Miranda* rights and chose to remain silent.

[3] The State charged Sargent, Price, and Tunstall with possession of heroin and carrying a handgun without a license. The State also charged Sargent and Price with unlawful possession of a firearm by a serious violent felon ("SVF"). In April 2016, Tunstall pled guilty to both of the charges against him. Sargent and Price took their cases to a joint jury trial two months later.

[4] During the State's case-in-chief, the prosecutor asked Officer Ly, "At any point did you hear any of the three suspects make any voluntary statements in regards to who owned the gun?" Tr. Vol. II p. 87. Officer Ly answered, "I did not." *Id*. Later, the prosecutor asked Officer Wright, "Did any of the three occupants of that Ford [Expedition] make any voluntary statements as to knowledge of or ownership or possession of the firearm that you saw?" *Id*. at 127. Officer Wright replied, "Not to me. No." *Id*. The defendants did not object to either of the questions or either of the answers.

[5] During their closing arguments, the defense attorneys repeatedly suggested to the jury that Tunstall's guilty plea (which had been admitted into evidence) constituted an admission that the guns and drugs were his. In rebuttal, the prosecutor referenced the evidence that none of the three men, including Tunstall, said anything after being ordered out of the truck:

> And then there is Tunstall, the "I'm guilty." Right. If he admits to it then we don't have to worry about it. Right. If that is how everything worked, that only one person has to admit and the rest go free, our laws would be failing us. That's all there is to it. And when does he say it? One of the factors that you guys will be given is incriminating statements. We ask officers, "Did anybody say anything when they got out of that car?" Nobody said a word, including Tunstall. And, in fact, he didn't say a word about his guilt –

Tr. Vol. III p. 42. This prompted a defense objection based on the United States Supreme Court's decision in *Doyle v. Ohio*, 426 U.S. 610 (1976), which restricts the prosecution's use of a defendant's silence. The trial court overruled the objection without explanation, and Sargent's attorney did not request an admonishment or a mistrial. The prosecutor then resumed her argument, adding that Tunstall "didn't say a word about his guilt until April 15th, 2016. Fourteen months later." *Id.*

[6] The jury found Sargent and Price not guilty of possession of heroin but guilty of carrying a handgun without a license. Both then filed waivers of their right to a jury trial on the SVF charges. When the parties returned to court for the SVF bench trial, the trial court began by addressing a "Motion for Judgment on the Evidence or as an Alternative to Set Aside Judgment and Grant a New Trial" that Sargent filed that day. Among other things, the motion asked the court to revisit the claim that the State violated the defendants' right to remain silent by referencing their post-arrest silence. Sargent's attorney explained why he did not object when the prosecutor asked the officers whether any of the suspects had made any statements regarding the guns or when the officers answered:

I don't believe that the question in and of itself was improper. And the reason for that it, that easily one of those officers could have said, "Mr. Tunst[a]ll said that guns were his," which would have been admissible because it's a statement against penal interest. However, that's not what the officer said and that's not what the prosecutor's answer – or question expected. What the answer was, "nobody said anything." There was no comment from any of the defendants. Now, if that was the only thing that had occurred during the trial, my personal belief is that would be harmless error.

Tr. Vol. III p. 67. He argued that the objectionable matter occurred—and noted that the defense did object—during the State's closing argument, when "the Deputy Prosecutor specifically commented and argued that their silence was evidence of guilt." *Id.* The trial court denied Sargent's motion without explanation, incorporated the jury trial and the jury's verdict into the bench-trial record, and, after taking evidence of the defendants' serious violent felonies, found both of them guilty on the SVF charges.

[7] The trial court entered judgments of conviction on the SVF counts but due to double-jeopardy concerns did not enter separate convictions on the carrying-a-handgun-without-a-license charges and instead "merged" the jury's guilty verdicts on those charges with the SVF convictions.

[8] Sargent now appeals.[1]

---

[1] Price appealed separately. In another memorandum decision issued today, we affirm Price's conviction. *See Mark A. Price v. State*, No. 49A02-1607-CR-01665 (Ind. Ct. App. Jan. 30, 2017).

# Discussion and Decision

Sargent raises two issues on appeal. First, he argues that the State committed prosecutorial misconduct when it elicited the officers' testimony that he remained silent after his arrest and then mentioned that testimony during its closing argument. Second, he challenges the sufficiency of the evidence supporting his conviction.

# I. Prosecutorial Misconduct

Sargent first contends that the State's elicitation and use of evidence that he remained silent after being arrested constituted prosecutorial misconduct. *See, e.g., Peters v. State*, 959 N.E.2d 347, 353 (Ind. Ct. App. 2011) ("[P]ost-arrest, pre-*Miranda* silence cannot be used as substantive evidence in the State's case-in-chief."). Because Sargent did not object when the State introduced the challenged evidence, he must establish that its introduction constituted fundamental error. *See Gavin v. State*, 41 N.E.3d 1038, 1042 (Ind. Ct. App. 2015). The doctrine of fundamental error is an extremely narrow exception to the waiver rule that requires the defendant to show that the alleged error was so prejudicial to the defendant's rights as to make a fair trial impossible. *Id.* The defendant must show that, under the circumstances, the trial judge erred in not raising the issue sua sponte because the alleged error (a) constituted a clearly blatant violation of basic and elementary principles of due process and (b) presented an undeniable and substantial potential for harm. *Id.*

[11] Sargent must also demonstrate fundamental error with regard to the State's closing argument. While there was a defense objection at that time, and the objection was overruled, neither Sargent nor Price then asked for a jury admonishment or a mistrial. Our Supreme Court has held that a defendant must do so in order to preserve for appeal a claim of closing-argument misconduct. *See*, *e.g., Brown v. State*, 799 N.E.2d 1064, 1066 (Ind. 2003) ("Because Brown failed to request an admonishment or move for a mistrial when the trial court overruled his objection, his claim of prosecutorial misconduct is procedurally foreclosed and reversal on appeal requires a showing of fundamental error.").

[12] Sargent has not convinced us that the initial introduction of the silence evidence was fundamental error. His attorney not only declined to object when the questions were asked and the answers were given but later acknowledged that (1) he had a strategic reason for not objecting to the questions (i.e., because the answers could have been good for Sargent) and (2) any error in allowing the officers' answers to stand was "harmless," presumably because a defendant's silence, standing alone, is not necessarily a bad thing. *See* Tr. Vol. III p. 73 (Price's attorney explaining that he did not object to the evidence "because one of the elements of constructive possession that the Court instructed is a lack of incriminating statements by a defendant"). In light of these acknowledgements, we simply cannot say that the trial court was required to step in, sua sponte, and strike the silence evidence.

[13] We reach the same conclusion with regard to the State's reference to Sargent's silence during its closing argument. First, the State did not cite Sargent's silence as affirmative evidence of his guilt during the initial portion of its closing. Second, when the State **did** mention Sargent's silence during its rebuttal, it was referencing evidence that had come in without objection. And third, when the State noted that "[n]obody said a word" after getting out of the truck, it did so only in response to the defendants' closing argument that Tunstall's guilty plea—fourteen months after the traffic stops—amounted to an admission that all of the guns were his. The State did not explicitly contend that Sargent's silence proves his guilt or that Sargent "would have said something if none of the guns were his." While it is true that the State easily could have, and definitely should have, made its point about Tunstall's silence without also referencing Sargent's silence, we cannot say that the limited reference "made a fair trial impossible." *See Gavin*, 41 N.E.3d at 1042.

## II. Sufficiency of the Evidence

[14] To obtain a conviction for SVF, the State was required to prove beyond a reasonable doubt that Sargent possessed a firearm after having been convicted of a crime that qualifies as a "serious violent felony." Sargent asserts that the State failed to prove that he possessed any of the guns that were in the truck. In reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider

conflicting evidence most favorably to the verdict. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[15] Where, as here, the State does not allege actual possession, it must establish constructive possession. "Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item." *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). Sargent concedes that, as the driver of the truck, "he is presumed to have the capability to possess everything inside of it." Appellant's Br. p. 30 (citing *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004)). Therefore, the only issue is whether the State proved that he had the intent to possess one or more of the guns.

[16] To prove such intent, the State must demonstrate the defendant's knowledge of the contraband. *Henderson*, 715 N.E.2d at 835. Knowledge may be inferred from the exclusive dominion and control over the premise containing the contraband. *Id*. But when, as in this case, the defendant's control over the premise is non-exclusive, there must be "evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband." *Id*. at 835-36 (quoting *Woods v. State*, 471 N.E.2d 691, 694 (Ind. 1984)). Examples of such circumstances are: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) proximity of the contraband to the

defendant, (4) location of the contraband within the defendant's plain view, and (5) the mingling of the contraband with other items owned by the defendant. *Id*.

[17] Several "additional circumstances" existed in this case. First, the fact that there were three guns and three men supports a conclusion that each man possessed one gun. Second, although the guns were not under Sargent's seat, they were still in close proximity to him. Third, as the State notes, "the location of the guns is consistent with Tunstall's having hidden his own and Sargent's gun to keep them from being seen either before the first or second stop[.]" Appellee's Br. p. 36. Finally, while the parties dispute whether Sargent's high-speed exit from the first traffic stop actually constituted an attempt to "flee" (since Officer Ly acknowledged that he "didn't have to pursue [Sargent] in any kind of high speed chase," Tr. Vol. II p. 94), the jury was certainly entitled to consider this odd behavior as evidence of guilt. All of this evidence supports the jury's finding of constructive possession.

[18] Affirmed.

Bradford, J., and Altice, J., concur.